UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| BASIL LOUD HAWK,<br><br>                Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | 5:20-CV-05045-KES<br><br>REPORT AND RECCOMENDATION |

**INTRODUCTION**

This matter is before the court on the Petitioner's motion for habeas relief pursuant to 28 U.S.C. § 2255. (Doc. 1). The pending matter was referred to the undersigned Magistrate Judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and the Standing Order dated April 1, 2018.

**FACTUAL BACKGROUND**

Basil Loud Hawk ("Petitioner") pleaded guilty to two counts of second-degree murder in violation of 18 U.S.C. § 1111(a), 1153, and one count of discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) in United States District Court on April 17, 2000, before District Court Judge Richard H. Battey. On July 17, 2000, Loud Hawk was sentenced to 60 years in prison on each count of second-degree murder, to run concurrently; and 10 years in prison for discharging a firearm during and in relation to a crime of violence to run consecutively with the second-degree

murder counts.[1]  The sentences were ordered to be served consecutively.  Loud Hawk timely appealed and the Eighth Circuit Court of Appeals affirmed his conviction.  Loud Hawk filed four previous § 2255 habeas actions in the District of South Dakota, which were all denied.  See Loud Hawk v. United States, No. 5:08-cv-5014-RHB; Loud Hawk v. United States, No. 5:14-cv-5006-LLP; Loud Hawk v. United States, No. 5:16-cv-5037-LLP; and Loud Hawk v. United States, No. 5:18-cv-5078-KES.

Loud Hawk sought permission from the Eighth Circuit Court of Appeals to file a second or successive petition under 28 U.S.C. § 2255.  The Eighth Circuit granted Loud Hawk's request on December 10, 2021.  (Doc. 4-1).  The government filed a response seeking denial of Loud Hawk's motion to vacate his § 924(c) conviction.  (Doc. 5).  Briefing is complete and this matter is ripe for adjudication.

## DISCUSSION

Loud Hawk's § 2255 petition argues that his underlying criminal offense no longer qualifies as a crime of violence under United States v. Davis, 139 S.Ct. 2139 (2019), so his conviction and sentence for the § 924(c) offense should be vacated.

18 U.S.C. § 924 (c)(1)(A) makes it a criminal offense for an individual to use or carry a firearm in furtherance of a "crime of violence."  Section 924(c)(3) defines "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

---

[1] Loud Hawk's anticipated release date is October 22, 2058.

>   (B) that by its nature, involves a substantial risk that physical force against a person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (B), which is known as the residual clause, was struck down by the United States Supreme Court in Davis because it was unconstitutionally vague. 139 S.Ct. 2319, 2323-33 (2019). Therefore, the question remains as to whether the Petitioner's underlying criminal conviction constitutes a crime of violence under § 924(c)(3)(A), which is known as the "use of force" or "elements" clause. The elements clause requires that the underlying felony have as an element, "the use, attempted use, or threatened use of physical force against the person or property of another." The court applies a categorical approach[2] to determine whether the elements of second-degree murder falls within § 924(c)(1)(A).

The United States Supreme Court addressed whether a criminal offense that can be committed with a *mens rea* of reckless can qualify as a "violent felony" under the similarly worded "force clause" in the Armed Career Criminal Act ("ACCA") in the case of Borden v. United States, 141 S.Ct. 1817 (2021). The Supreme Court held that the predicate felony offense must have a *mens rea* of acting purposefully or knowingly, not mere recklessly. Id. However, the

---

[2] The categorical approach requires courts to discern what the minimum conduct is required for a conviction under the predicate offense's statutory elements, without considering the specific facts of the case at hand. United States v. Roblero-Ramirez, 716 F.3d 1122, 1125 (8th Cir. 2013). Unless the least culpable act criminalized in the second-degree murder statute entails that force, the statute is not a categorical match with the elements clause, and does not qualify as a crime of violence. United States v. Begay, 33 F.4th 1081, 1091 (9th Cir. 2022)(citing Borden v. United States, 141 S.Ct. 1817, 1822 (2021)).

3

Borden Court expressly declined to decide whether offenses that may be committed with mental states between ordinary recklessness and knowledge can qualify as crimes of violence.

Petitioner argues that second-degree murder falls outside the § 924(c) force clause because it encompasses reckless conduct. (Doc. 6). Citing Borden, Petitioner argues that use of force clause "requires a conscious targeting of force that can only be satisfied by purposeful or knowing conduct, and not by any form of recklessness." (Id. at p. 7).

The government agues that Borden is inapplicable to the petitioner's §924(c) conviction because his conviction of second-degree murder falls into the category of extreme reckless offenses that the four-Justice plurality expressly excluded from the reach of their holding. (Doc. 5 at p. 3). The government asserts that acts committed with extreme recklessness is "far different from those committed through ordinary recklessness, and more akin to knowledge." (Id. at p. 5).

Similar arguments were presented to the Ninth Circuit Court of Appeals in the recent case of United States v. Begay, 33 F.4th 1081 (9th Cir. 2022)(en banc). In Begay, the defendant argued that second-degree murder can be committed recklessly under § 1111(a) and that under the categorical approach, "crime of violence" does not encompass offenses that can be committed with a reckless *mens rea*. The Ninth Circuit reasoned that malice aforethought "requires a quantum risk that is very high and also requires that the nature of the risk concern injury to others." Id. at 1093. The Court explained that the

4

law recognizes varying degrees of recklessness and that a depraved heart second degree murder required a finding of extreme recklessness evincing disregard for human life, not simple recklessness. Id. The court ultimately held, "[a] § 1111(a) conviction qualifies as a crime of violence because a defendant who acts with the requisite mens rea to commits second-degree murder necessarily employs force 'against the person or property of another,' and rather than acting with ordinary recklessness, the defendant acts with recklessness that rises to the level of extreme disregard for human life." Id.

A recent case in the District of South Dakota has similarly found that a second-degree murder conviction constitutes a crime of violence under § 924(c)(3)(A). In Janis v. United States, District Court Judge Charles B. Kornmann addressed the same issue presented in the petition currently pending before the court. No. 5:20-cv-05043-CBK, 2022 WL 1500691, *5 (D.S.D. May 12, 2022). Discussing the Borden decision, the Janis court concluded that the statute in question, "makes bare it cannot be perpetrated without such a conscious awareness of the likely result of one's actions." 5:20-cv-05043-CBK (D.S.D. May 12, 2022) (Doc. 18 at p. 9). Janis held that "[t]he logic of the United States Supreme Court's decision in Borden v. United States, 141 S.Ct. 1817 (2021), and prior circuit court case law on the meaning of malice aforethought, lead only to one conclusion: 18 U.S.C. § 1111(a) is a proper predicate offense under the elements clause of 18 U.S.C. § 924(c)(3)(A)." Id. at *6.

Here, in a supplemental filing, Petitioner recognized the holdings in Begay and Janis; however, he asserts that these are non-binding decisions and relies upon his previously submitted arguments that second-degree murder falls outside the force clause. (Doc. 7). This magistrate judge agrees with the reasoning in Begay and Janis and similarly finds that petitioner's conviction for second-degree murder is a proper predicate offense under the elements clause of 18 U.S.C. § 924(c)(3)(A).

On the same date that this report and recommendation was filed, the United States Supreme Court issued its decision in United States v. Taylor, 596 U.S. ___ (2022). In Taylor, the Supreme Court held that an Attempted Hobbs Act robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(A) because using the categorical approach, no element of the underlying offense requires proof that the defendant used, attempted to use, or threatened to use force. The Court instructed, "[t]o determine whether a federal felony qualifies as a crime of violence, § 924(c)(3)(A) doesn't ask whether the crime is *sometimes* or even *usually* associated with communicated threats of force (or, for that matter, with the actual or attempted use of force). It asks whether the government must prove, as an *element* of its case, the use, attempted use, or threatened use of force."

Applying this directive, there is a distinction in the elements of a Hobbs Act robbery and second-degree murder. The elements of second-degree murder are: 1) the unlawful killing of a human being, 2) with malice aforethought, 3) within the special or maritime and territorial jurisdiction of the United States.

6

The Eighth Circuit has defined malice aforethought as "intent at the time of a killing to take the life of a human being or an intent willfully to act in a callous and wanton disregard of the consequences of human life." United States v. Johnson, 879 F.2d 331, 334 (8th Cir. 1989).  As Judge Kornmann described in Janis, "[t]his willful act devoid of concern for human life is only satisfied through the *intentional use* of physical force, such as the shooting at a spurred lover or the wanton disregard for the victim's likely demise." 2022 WL 1500691, *5.

## CONCLUSION

Based on the foregoing, this court respectfully recommends Petitioner's petition for 28 U.S.C. § 2255 habeas relief (Doc. 1) be dismissed with prejudice.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require *de novo* review by the District Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 21st day of June, 2022.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge