UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| BASIL LOUD HAWK,<br><br>     Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>     Respondent. | 5:20-CV-05045-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITIONER'S 28 U.S.C. § 2255 MOTION |

Petitioner, Basil Loud Hawk, filed a motion to vacate, correct, or set aside his conviction and sentence under 28 U.S.C. § 2255.[1] Docket 1. Loud Hawk pleaded guilty to two counts of second-degree murder in violation of 18 U.S.C. §§ 1111 and 1153 and one count of use of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c). *See* CR Docket 47. In *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), the Supreme Court held that the "residual clause" in the definition of crime of violence, 18 U.S.C. § 924(c)(3)(B), is void for vagueness. Loud Hawk argues that second-degree murder is not a crime of violence under the remaining valid clause, the "force clause" or "elements clause", 18 U.S.C. § 924(c)(3)(A), defining crime of

---

[1] The court cites to documents from this civil habeas file using the court's assigned document number. The court cites to documents from Loud Hawk's underlying criminal case, *United States v. Loud Hawk*, 5:99-CR-50001 (D.S.D.), using the court's assigned docket number preceded by "CR."

violence. Docket 1 at 2; Docket 2 at 2–7. Loud Hawk contends that his conviction and sentence for the use of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c) violate his due process rights and requests that the conviction and sentence be vacated under 28 U.S.C. §§ 2255(a) and (b). Dockets 1, 2.

The matter was referred to Magistrate Judge Daneta Wollmann for a recommended disposition under 28 U.S.C. § 636(b)(1)(B) and United States District Judge Jeffrey L. Viken's April 1, 2018, standing order.[2] The magistrate judge recommended that Loud Hawk's petition be dismissed with prejudice. Docket 8 at 7. Loud Hawk objects to the report and recommendation. Docket 14. The United States does not object to the report and recommendation. Docket 9. For the following reasons, the court adopts the report and recommendation and orders that Loud Hawk's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 be dismissed with prejudice.

## FACTUAL BACKGROUND

Loud Hawk pleaded guilty to two counts of second-degree murder in violation of 18 U.S.C. §§ 1111 and 1153 and one count of use of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c). *See* CR Docket 47. Loud Hawk was sentenced to 60 years in prison on the second-degree murder counts, to run currently, and 10 years in prison on the

---

[2] The standing order is no longer in effect. D.S.D. Civ. LR 72.1.A.2(b), which became effective on May 31, 2022, designates to the magistrate judge the duty to prepare proposed findings and recommendations for the disposition of habeas petitions.

§ 924(c) count, to run consecutively with the sentence on the other counts. CR Docket 56. Loud Hawk appealed his sentence to the Eighth Circuit Court of Appeals, and the sentence was affirmed. *United States v. Loud Hawk*, 245 F.3d 667, 670 (8th Cir. 2001). Loud Hawk filed four previous motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, all of which were denied. *Loud Hawk v. United States*, 5:08-CV-05014-RHB (D.S.D. Apr. 1, 2008); *Loud Hawk v. United States*, 5:14-CV-05006-LLP, Docket 6 (D.S.D. Mar. 17, 2014); *Loud Hawk v. United States*, 5:16-CV-05037-LLP, Docket 5 (D.S.D. June 2, 2016); *Loud Hawk v. United States*, 5:18-CV-05078-KES, Docket 13 (D.S.D. Oct. 17, 2019).

The Eighth Circuit granted Loud Hawk's request for authorization to file a successive habeas application under 28 U.S.C. § 2255. Docket 4-1 at 2. The United States responded to Loud Hawk's § 2255 motion and requested that the petition be denied. Docket 5.

The magistrate judge's report and recommendation relies on *United States v. Begay*, 33 F.4th 1081 (9th Cir. 2022) (en banc) and *Janis v. United States*, 5:20-CV-05043, 2022 WL 1500691, 2022 U.S. Dist. LEXIS 86034 (D.S.D. May 12, 2022). Docket 8 at 4–7. In *Begay*, the Ninth Circuit Court of Appeals, sitting en banc, held that

> [a] § 1111(a) conviction qualifies as a crime of violence because a defendant who acts with the requisite mens rea to commit second-degree murder necessarily employs force "against the person or property of another," and rather than acting with ordinary recklessness, the defendant acts with recklessness that rises to the level of extreme disregard for human life.

3

33 F.4th at 1093. After the magistrate judge issued her report and recommendation, the Supreme Court denied a petition for writ of certiorari in *Begay*. *Begay v. United States*, 143 S. Ct. 340 (Oct. 11, 2022).

In *Janis*, United States District Court Judge Charles Kornmann addressed the same issue Loud Hawk raises in his § 2255 motion and held that "18 U.S.C. § 1111(a) is a proper predicate offense under the elements clause of 18 U.S.C. § 924(c)(3)(A)." 2022 WL 1500691, at *6, 2022 U.S. Dist. LEXIS 86034, at *16. Recently, the Eighth Circuit affirmed the denial of Janis's § 2255 motion and held that "[h]omicides committed with malice aforethought involve the 'use of force against the person or property of another,' so second-degree murder is a crime of violence." *Janis* v. *United States*, No. 22-2471, 2023 WL 4540528, at *7 (8th Cir. July 14, 2023). The Eighth Circuit reasoned that the "malice aforethought" element means that second-degree murder "will always clear th[e] bar" set by the *Borden* plurality to satisfy § 924(c)'s force clause. *Id.* at *3.

## DISCUSSION

### I. Standard of Review

The court's review of the magistrate judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1). The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); *Thompson v. Nix*, 897 F.2d 356, 357–58 (8th Cir. 1990) (per curiam). In conducting its de novo review, the court may "accept, reject, or modify, in whole or in part, the

4

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## II. Analysis

In his objection to the magistrate judge's report and recommendation, Loud Hawk acknowledged that "[b]ecause *Janis* also involves the issue of whether federal second-degree murder qualifies as a 'crime of violence' under the § 924(c) force clause, the Eighth Circuit's opinion will likely resolve the legal issue in the present case." Docket 14 at 2. The court agrees that the Eighth Circuit's decision resolves the issue raised in Loud Hawk's § 2255 motion and requires that the court dismiss the motion with prejudice.

### A.   The Eighth Circuit's *Janis* Decision

In *Janis*, the Eighth Circuit considered whether federal second-degree murder in violation of 18 U.S.C. §§ 1111 and 1153 is a crime of violence under 18 U.S.C. § 924(c). *Janis*, 2023 WL 4540528, at *1. Loud Hawk was convicted and sentenced for the same crimes. *See* CR Docket 47; CR Docket 56. Section 924(c) defines "crime of violence" using a "force" or "elements" clause and a "residual clause":

> [T]he term "crime of violence" means an offense that is a felony and—
>
> [Force Clause] (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> [Residual Clause] (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

5

*Janis*, 2023 WL 4540528, at *1 (alterations in original) (quoting 18 U.S.C. § 924(c)(3). In *Davis*, the Supreme Court invalidated § 924(c)'s residual clause as unconstitutionally vague. *Id.* (citing *Davis*, 139 S. Ct. at 2336). After *Davis*, federal second-degree murder must satisfy the force clause to qualify as a crime of violence. *Id.* (citing *McCoy v. United States*, 960 F.3d 487, 489 (8th Cir. 2020)).

To determine whether second-degree murder qualifies as a crime of violence under the force clause, the Eighth Circuit applied the categorical approach described in *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022), comparing the elements of second-degree murder with the force clause's requirements. *Janis*, 2023 WL 4540528, at *1. " 'The only relevant question is whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force' against the person or property of another." *Id.* (quoting *Taylor*, 142 S. Ct. at 2020).

The Eighth Circuit explained that in *Borden v. United States*, the Supreme Court, in a plurality opinion, found that crimes only requiring an act be done "recklessly" do not qualify as violent felonies under the force clause of § 924(e), a statute with near identical language to § 924(c). *Id.* at *2 (citing *Borden v. United States*, 141 S. Ct. 1817, 1827 (2021)). Applying the reasoning of the *Borden* plurality, the Eighth Circuit explained that "§ 924(c)'s force clause requires directing or targeting force at another person or their

6

property[,]" which is not satisfied when a person acts only recklessly. *See id.* at *2–3 (citing *Borden*, 141 S. Ct. at 1825).

Second-degree murder has two elements: (1) unlawful killing of a human being with (2) malice aforethought. *Id.* at *2 (citing *United States v. Iron Crow*, 970 F.3d 1003, 1009 (8th Cir. 2020)). The Eighth Circuit analyzed the history of the "malice aforethought" requirement and concluded that "[t]he history and definition of 'malice aforethought' demonstrate that federal-second degree murder satisfies § 924(c)'s force clause. The phrase 'malice aforethought' necessarily denotes the oppositional conduct that the force clause requires[.]" *Id.* at *4 (citation omitted). Thus, federal second-degree murder qualifies as a "crime of violence" under § 924(c)(3)(A). *Id.*

B.   **Loud Hawk's Objections**

In *Janis*, the Eighth Circuit specifically discussed and rejected each of the arguments Loud Hawk raises in his objection to the magistrate judge's report and recommendation. *See* 2023 WL 4540528, at *3–7.

1.   **Second-Degree Murder Does Not Require Conduct Directed or Targeted at Another Individual**

Citing *United States v. Black Elk*, 579 F.2d 49, 51 (8th Cir. 1978) (per curiam), Loud Hawk argues that because reckless and wanton conduct and a gross deviation from a reasonable standard of care of such a nature that a jury can infer that the defendant was aware of a serious risk of death or serious bodily harm can establish malice, second-degree murder can be committed without the use, attempted use, or threatened use of force required by

7

§ 924(c)'s force clause. Docket 14 at 3–4. In *Janis*, the Eighth Circuit noted that in *Borden*, the Supreme Court reserved judgment on crimes involving mental states, such as extreme recklessness, between knowledge and recklessness. *Janis*, 2023 WL 4540528, at *4 (citing *Borden*, 141 S. Ct. at 1825 n.4). "*Black Elk's* context shows that the standard it articulates is close to knowledge and far from ordinary recklessness." *Id.* at *5. The Eighth Circuit agreed with every other circuit that has considered the issue after *Borden* and held that " 'malice aforethought' conduct satisfies § 924(c)'s force clause." *Id.* (citations omitted).

     Loud Hawk, like the petitioner in *Janis*, cites out-of-circuit drunk driving cases as examples of conduct sufficient to constitute federal second-degree murder that he contends do not involve directed or targeted use of force. Docket 14 at 5–6. The Eighth Circuit rejected this argument, stating that "[i]t would overstate the holding of *Borden* to require that every use of force against the person of another must purposefully target the specific person who is victimized." *Janis*, 2023 WL 4540528, at *6 (citing Restatement (Second) of Torts § 8A, cmt. B, illus. 1). All of the drunk driving cases the petitioner in *Janis* relied on "involved egregiously dangerous conduct with such a high probability of harm and such a callous and wanton disregard of human life that a jury could infer the existence of malice aforethought." *Id.*

     In his objection, Loud Hawk cites an unpublished Fifth Circuit case that the Eighth Circuit did not discuss or cite in *Janis*. *See* Docket 14 at 5. In *United States v. Escobedo-Moreno*, the Fifth Circuit held that instructing an

8

individual to hide in a compartment under a truck bed that could not be opened from inside and failing to inform law enforcement officers that the individual was in the compartment "crossed the extreme-recklessness threshold." 781 F. App'x 312, 318 (5th Cir. 2019) (per curiam). Notably, in *Escobedo-Moreno*, the Fifth Circuit held that the defendant's conduct "was at least as reckless as the conduct we held to be extremely reckless in *Lemus-Gonzalez*[,]" *id.* at 317, which is one of the cases the Eighth Circuit discussed in *Janis. See Janis*, 2023 WL 4540528, at *6. Loud Hawk's reliance on *Escobedo-Moreno*, as well as *United States v. Lemus-Gonzalez*, 563 F.3d 88, 93 (5th Cir. 2009) and *United States v. Fleming*, 739 F.2d 945, 948 (4th Cir. 1984), cannot be reconciled with the Eighth Circuit's holding that convictions that require malice aforethought always involve directed or targeted force and constitute a "crime of violence" under § 924(c)'s force clause. *See Janis*, 2023 WL 4540528, at *3. Loud Hawk's objection that second-degree murder does not require conduct directed or targeted another individual is overruled.

### 2. *United States v. Boose*

Loud Hawk argues that *United States v. Boose*, 739 F.3d 1185 (8th Cir. 2014), "shows that the Eighth Circuit treats ordinary and extreme recklessness the same under the force clause." Docket 14 at 7. Loud Hawk's objection misconstrues the holding in *Boose*. In *Boose*, the Eighth Circuit, relying on a decision from the Arkansas Supreme Court, held that first-degree battery under Arkansas law could be committed with a mental state of ordinary recklessness, although the Arkansas statute included a requirement that a

9

defendant manifest "extreme indifference to the value of human life[.]" 739 F.3d at 1188 (quotation omitted). When the Eighth Circuit discussed and rejected this same argument in *Janis*, the court noted that *Boose* analyzed the mens rea required by an Arkansas statute, not the mens rea required by the federal second-degree murder statute. *Janis*, 2023 WL 4540528, at *5. Thus, the Eighth Circuit rejected the argument that *Boose* "require[s] a result incongruous with the circuit consensus." *Id.* Loud Hawk's objection based on *Boose* is overruled.

### 3. *United States v. Flute*

Finally, Loud Hawk objects to the magistrate judge's report and recommendation "[b]ecause the federal second-degree murder statute reaches purely prenatal conduct . . . [and] is broader than the § 924(c) force clause." Docket 14 at 8. In *Janis*, the Eighth Circuit specifically considered and rejected this argument, which is based on *United States v. Flute*, 929 F.3d 584 (8th Cir. 2019). *Janis*, 2023 WL 4540528, at *7. In *Flute*, a divided panel held that a mother could be convicted of involuntary manslaughter for prenatal conduct. *Id.* In *McCoy v. United States*, 960 F.3d 487, 490 (8th Cir. 2020), the Eighth Circuit declined to extend the rationale of *Flute* to voluntary manslaughter, and the petitioner in *Janis* cited no authority to support her argument that *Flute* would be extended even further to convict a mother of second-degree murder based on prenatal conduct. *Janis*, 2023 WL 4540528, at *7. Loud Hawk's objection to the magistrate judge's report and recommendation based on *Flute* is overruled.

10

## CERTIFICATE OF APPEALABILITY

When a district court denies a petitioner's § 2255 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that proves "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). The Eighth Circuit's decision in *Janis v. United States*, 2023 WL 4540528 (8th Cir. July 14, 2023) is directly on point and controlling. Loud Hawk has not made a substantial showing that his claims are debatable among reasonable jurists, that another court could resolve the issues raised in his claims differently, or that a question raised by his claims deserves additional proceedings. Thus, a certificate of appealability is not issued.

## CONCLUSION

Thus, it is ORDERED that:

1. Loud Hawk's objection (Docket 14) to the report and recommendation (Docket 8) is overruled.

2. The report and recommendation (Docket 8) is adopted in full as modified by this opinion.

3. Loud Hawk's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 (Docket 1) is denied with prejudice; his petition is dismissed.

4. For the reasons set forth herein and pursuant to Fed. R. App. P. 22(b), the court finds that Loud Hawk has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Thus, a certificate of appealability is denied.

DATED July 24, 2023.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE